IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

LEXIE M. MYERS                                                             Plaintiff

VS.                                                  No. CV2011-1436CD

GGNSC HOLDINGS, LLC,
GGNSC SOUTHAVEN, LLC
d/b/a GOLDEN LIVINGCENTER-SOUTHAVEN,            Defendants

## COMPLAINT

COMES NOW Plaintiff, Lexie M. Myers, by and through undersigned counsel, and for cause of action against the Defendants herein would respectfully show to the Court as follows:

### PARTIES

1. Plaintiff Lexie M. Myers is an adult resident citizen of DeSoto County, Mississippi. At all times relevant hereto, Plaintiff was a resident at Golden LivingCenter-Southaven, 1730 Dorchester Drive, Southaven, Mississippi 38671.

2. Defendant GGNSC Holdings, LLC, is a foreign corporation that at times material to this lawsuit was engaged in business in Mississippi. The causes of action made the basis of this lawsuit arise out of such business conducted by said Defendant in the ownership, management and/or control of Golden LivingCenter-Southaven and/or the ownership and/or control over those entities operating, owning and managing Golden LivingCenter-Southaven. GGNSC Holdings, LLC's principal address is 1000 Fianna Way, Fort Smith, Arkansas 72919. Said Defendant may be served with process through its agent for service of process, Corporation Service Company, 300 South Spring Street, Ste 900, Little Rock, Arkansas 72201.

FILED

MAY 16 2011

Circuit Court Clerk, Desoto County, MS

3. Defendant GGNSC Southaven, LLC, is a foreign corporation that at times material to this lawsuit was engaged in business in Mississippi. The causes of action made the basis of this lawsuit arise out of such business conducted by said Defendant in the ownership, management and/or control of Golden LivingCenter-Southaven and/or the ownership and/or control over those entities operating, owning and managing Golden LivingCenter-Southaven. GGNSC of Southaven, LLC's principal place of business is 1730 Dorchester Drive, Southaven, Mississippi 38671. Said Defendant may be served with process through its registered agent, Corporation Service Company, 506 South President Street, Jackson, MS 39201.

## COMPLIANCE WITH MISS. CODE ANN. § 15-1-36

4. The acts forming the basis of Plaintiff's Complaint were not discovered until, and in the exercise of reasonable diligence by Plaintiff would not have been discoverable before, January 12, 2008. In compliance with Miss. Code Ann. §15-1-36(2), the original Complaint in this action was filed before this Court on January 11, 2010, as No. CV 2010-0001. However, the "Notice of Intent to Sue," required by Miss. Code Ann. § 15-1-36(15), was not provided to the named Defendants prior to filing of suit.

5. Facing Defendant's Motion to Dismiss that action based on the failure to provide the statutory notice, Plaintiff took a Voluntary Dismissal of CV 2010-0001 on May 18, 2010.

6. Plaintiff invokes Miss. Code Ann. § 15-1-69, to save this cause of action from being time-barred, and specifically relies upon Arceo v. Tolliver, 19 So.3d 67, 75, ¶ 39 (Miss. 2009) ("Being a dismissal for failure to provide the statutory notice, **Tolliver I** falls within the parameters of a matter of form such that the savings statute applied.").

7. On September 20, 2010, counsel for Plaintiff mailed the statutorily required notices of intent to sue to both named Defendants. A copy of the notice letter is attached hereto as "Exhibit 1," and copies of the Certified Mail Receipts and signed Return Receipt cards are attached as "Exhibit 2."

## COMPLIANCE WITH MISS. CODE ANN. § 11-1-58

8. Counsel for Plaintiff has had the statutorily required consultation, and a copy of the separately filed "Certificate of Consultation" is attached hereto as "Exhibit 3."

## JURISDICTION AND VENUE

9. Plaintiff's cause of action is based on personal injury, therefore this Honorable Court has subject matter jurisdiction.

10. The acts forming the basis of Plaintiff's Complaint occurred in DeSoto County, Mississippi, therefore venue is proper in this Court. In addition, the injuries made the basis of this lawsuit were products of the corporate and financial policies designed, formulated, and implemented by Defendants.

## DEFINITIONS

11. Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes GGNSC Holdings, LLC and GGNSC of Southaven, LLC, d/b/a Golden LivingCenter-Southaven. These entities acted as a joint venture and in concert in the operation, management, and maintenance of Golden LivingCenter-Southaven.

12. Whenever in this Complaint it is alleged that Defendants did any act or thing, or failed to do any acts of things, it is meant that the officers, agents, or employees of the designated

corporations respectively performed, participated in, or failed to perform such acts or things while in the scope and course of their employment and/or agency relationship with said Defendants.

## FACTS

13. Plaintiff had been a resident at the nursing home facility located at 1730 Dorchester Drive, Southaven, Mississippi, since September 4, 2003. At the time of her admission, the facility was known as Beverly Healthcare-Southaven, and on or about November 1, 2006, became known as Golden LivingCenter-Southaven.

14. Plaintiff suffers from heart disease, and has had a pacemaker implanted most recently on April 24, 2002.

15. Defendants have had actual knowledge of Plaintiff's heart condition and the fact that Plaintiff has a pacemaker. Defendants have had actual knowledge of the date of implant of Plaintiff's pacemaker, and of the expected battery life of said pacemaker. Further, Defendants have had actual knowledge of the orders for transtelephonic pacemaker monitoring, including actual knowledge of the scheduled frequency of such monitoring.

16. Because of the age of the battery in the Plaintiff's pacemaker, on October 16, 2006, the doctor's orders for frequency of transtelephonic pacemaker monitoring was changed from every nine weeks to every five weeks.

17. Said monitoring of Plaintiff's pacemaker occurred as scheduled on November 13, 2006, and again on December 18, 2006. Transtelephonic pacemaker monitoring was ordered to occur on January 22, 2007.

18. Defendants failed to have the monitoring done as scheduled on January 22, 2007, and failed to have any further transtelephonic pacemaker monitoring performed between that date and January 10, 2008.

19. In late October 2007, Plaintiff began experiencing intermittent disorientation and confusion, which continued through early January 2008, becoming worse over time.

20. Plaintiff was taken to the Emergency Department of Baptist Memorial Hospital-DeSoto on January 10, 2008, with complaints of shortness of breath, dry cough, wheezing, and lethargy. Upon examination, she was found to be bradycardic and it was determined that the battery for Plaintiff's pacemaker was dead. Upon information and belief, the battery had been dead, or near dead, since the end of October 2007. Plaintiff was admitted to the Intensive Care Unit, for cardiac problems related to the dead pacemaker battery, and with additional problems including a urinary tract infection.

21. Despite receiving a new battery for her pacemaker on January 12, 2008, Plaintiff sustained injuries, including, but not limited to a diminished mental capacity.

## COUNT I - NEGLIGENCE

22. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 21 of the Complaint, as if set forth herein verbatim.

23. Defendants owed a duty to their residents, including Plaintiff, to provide care, treatment, and services within accepted standards of care of nursing homes.

24. Defendants owed a duty to their residents, including Plaintiff, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

25. Defendants breached the duties owed to their residents, including Plaintiff, and were negligence in their ordinary care and treatment of Plaintiff, by and through their acts or omissions, which were within the understanding of an ordinary layperson and did not require medical training, assessment or diagnosis, including, but not limited to, the following:

   a. Failure to provide sufficient numbers of qualified personnel to meet the total needs of Plaintiff;

   b. Failure to increase the number of personnel at Golden LivingCenter-Southaven to ensure that Plaintiff:

      1. Received necessary supervision, and

      2. Received timely nursing and medical intervention due to a significant change in condition;

   c. Failure to provide personnel sufficient number to ensure that Plaintiff obtained and maintained the highest level of physical, mental and psychosocial well-being;

   d. Failure to provide adequate staff and supervision to personnel so as to ensure that Plaintiff received adequate and proper care;

   e. Failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, irrespective of whether such complaint derived from a state or federal survey agency, patient of said facility, an employee of said facility or any interested person;

f.  Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

   1. Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Plaintiff, as promulgated by relevant governmental entities, were consistently complied with on an ongoing basis,

   2. Ensuring that the resident care policies for the facility were consistently in compliance with such rules and regulations on an ongoing basis, and

   3. Responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

g.  Failure to maintain medical records regarding Plaintiff in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organize with respect to:

   1. The diagnosis of Plaintiff,

   2. The treatment of Plaintiff, and

   3. The assessment and establishment of appropriate care plans of care and treatment for Plaintiff;

h.  Failure to prevent deterioration in activities of daily living;

i.  Failure to protect Plaintiff from neglect during her residency;

j.  Failure to provide adequate hydration;

k.  Failure to maintain Plaintiff's dignity;

l. Failure of high managerial agents and corporate officers to adequately hire, train, supervise, and retain the administrator, director of nurses, and other staff so as to assure that Plaintiff received care in accordance with the Defendants' policies and procedures; and

m. Making false, misleading, and deceptive representations as to the quality of care, treatment, and services provided by the facility to residents, including Plaintiff..

26. As a direct, proximate, factual, and legal result of Defendants' breach of one, more, or all, of the duties described above, Plaintiff suffered injuries.

27. Plaintiff seeks compensatory damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## COUNT II - GROSS NEGLIGENCE

28. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 27 of the Complaint, as if set forth herein verbatim.

29. The scope and severity of Defendants' failures and Defendants' consciously indifferent actions with regard to the welfare and safety of Plaintiff constitute gross negligence, willful, wanton, reckless, malicious, and/or intentional misconduct as those terms are understood in law.

30. Such conduct was undertaken by Defendants without regard to the health and safety consequences to Plaintiff, who entrusted herself to Defendants' care. Moreover, such conduct evidences such little regard for Defendants' duties of care, good faith, and fidelity owed to Plaintiff as to raise a reasonable belief that the acts and omissions set

Myers v. GGNSC Holdings, LLC, *et al.*
Circuit Court of DeSoto County
Complaint                    Page 8 of 14

forth above are the result of conscious indifference to Plaintiff's rights and welfare.

31. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## COUNT III - BREACH OF CONTRACTUAL DUITES

32. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 31 of the Complaint, as if set forth herein verbatim.

33. Upon becoming a resident of Golden LivingCenter-Southaven, Plaintiff, as a Medicare and/or Medicaid recipient, became a third-party beneficiary of the contract(s) or provider agreement(s) between Defendants and the state and federal government, whereby for consideration duly paid by her, or on her behalf, Defendants were to provide her with personal care and nursing care in compliance with the requirements set forth in the contract(s) or provider agreement(s). By terms of such contract(s) or provider agreement(s), Defendants expressly or impliedly agreed or warranted to use reasonable care and diligence in providing care to Plaintiff, and to exercise reasonable care in maintaining the personal safety and general health and welfare of Plaintiff. Plaintiff is not presently in possession of a copy of the contract(s) or provider agreement(s).

34. As a proximate consequence of the aforementioned acts, omissions, failures, and sub-standard care, Defendants breached the terms of the foregoing warranty and/or contract(s), and Plaintiff was caused to suffer mental anguish, pain and suffering, and physical injuries, which include, but are not limited to, injuries to her dignity, dehydration, urinary tract infection, and diminished mental capacity.

35. As a direct, proximate, factual, and the legal result of Defendants' breach of their contractual duties, Plaintiff suffered injuries she would not have otherwise suffered at the Defendants fulfill their contractual obligations as described above.

36. Plaintiff seeks compensatory damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## COUNT IV - PROFESSIONAL NEGLIGENCE

37. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 36 of the Complaint, as if set forth herein verbatim.

38. Defendants had a duty imposed by the recognized standard of acceptable professional nursing practice to provide Plaintiff with care, treatment, and services within accepted standards of care for nursing homes. In addition, Defendants had a duty imposed by the recognized standard of acceptable professional nursing practice to hire, train and supervise employees to deliver care and services to Plaintiff in a safe and beneficial manner.

39. Defendants further owed a duty to assist all residents, including Plaintiff, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

40. Defendants failed to meet the standard of care and violated their duty of care to Plaintiff. The medical negligence of Defendants includes, but is not limited to, the following acts or omissions requiring medical skill, training or expertise:

    a. Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the needs of Plaintiff;

 b. Failure to implement and ensure that an adequate nursing care plan for Plaintiff was followed by nursing personnel;

 c. Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in the care of Plaintiff;

 d. Failure to properly and adequately assess Plaintiff regarding the condition of her pacemaker battery;

 e. Failure to properly and adequately re-assess Plaintiff after a substantial change in condition;

 f. Failure to properly and adequately assess Plaintiff for risk of dehydration;

 g. Failure to monitor Plaintiff to prevent a urinary tract infection;

 h. Failure to provide care, treatment, and medication to Plaintiff in accordance with the physician's orders, including, but not limited to, orders for transtelephonic pacemaker monitoring;

 i. Failure to provide timely medical intervention to Plaintiff;

 j. Failure to properly and timely notify Plaintiff's attending physician of significant changes in her physical condition;

 k. Failure to adequately and appropriately monitor Plaintiff and recognize significant changes in her health status;

 l. Failure to adequately assess, monitor and treat Plaintiff for the signs and symptoms of infection;

 m. Failure to provide treatment for persistent, unresolved problems relating to the

Myers v. GGNSC Holdings, LLC, et al.
Circuit Court of DeSoto County
Complaint        Page 11 of 14

care and physical condition of Plaintiff, resulting in unnecessary pain, agony and suffering.

41. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care set forth above. One, more, or all of the foregoing acts of negligence on the part of Defendants was a direct, proximate, factual, and legal cause of Plaintiff's injuries. Plaintiff's injuries were all foreseeable to Defendants.

42. Defendants' conduct in breaching the duties it owed to Plaintiff was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

43. As a direct, proximate, factual, and the legal result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and humiliation in an amount to be determined by the jury, plus costs and all of the relief to which Plaintiff is entitled by law.

## DAMAGES

44. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 43 of the Complaint, as if set forth herein verbatim.

45. As a direct, proximate, factual, and legal result of the negligence and breaches of contract of all Defendants as set out above, Plaintiff suffered injuries including, but not limited to, those described above and:

      a.    Physical injuries to her brain and central nervous system, and urinary system;

      b.    Pain, agony and suffering;

      c.    Medical expenses in the past and in the future.

46. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all of the relief to which Plaintiff is entitled by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court:

1. Cause process to be issued upon Defendants, requiring them to answer the allegations of the Complaint or be held in default;

2. Empanel a jury to try the issues when joined;

3. Enter a judgment against Defendants for damages to be determined by the jury, in an amount exceeding the minimum jurisdictional limit of the Court, and adequate to compensate Plaintiff for all injuries and damages sustained as a result of the alleged conduct of Defendants;

4. Enter a judgment against Defendants for all general and special damages caused by the alleged conduct of Defendants;

5. Enter a judgment against Defendants for all costs of litigating this case, including, but not limited to discretionary costs;

6. Enter a judgment against Defendants for punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities; and

Myers v. GGNSC Holdings, LLC, et al.
Circuit Court of DeSoto County
Complaint                    Page 13 of 14

7. Grant Plaintiff such other, further, specific and general relief to which the Court finds Plaintiff entitled under the premises and Mississippi law.

Respectfully submitted,

William R. Bruce (MS #10463)
Attorney for Plaintiff Lexie M. Myers
707 Adams Avenue
Memphis, Tennessee 38105
(901) 525-8601

### Certificate of Service

I hereby certify that a Courtesy copy of the foregoing document has been served upon:

L. Bradley Dillard
Mitchell, McNutt & Sams
105 South Front Street
P. O. Box 7120
Tupelo, MS 38802-7120

by hand delivery or by mailing the same, via United States mail, postage prepaid, on this the 16th day of May, 2011.

William R. Bruce

# LAW OFFICE OF WILLIAM R. BRUCE

William R. Bruce
*Licensed in*
*Tennessee and*
*Mississippi*

707 Adams Avenue
Memphis, TN 38105
(901) 525-8601
(901) 525-3084 fax
*wrb@707Adams.com*

September 21, 2010

GGNSC Holdings, LLC
c/o Registered Agent
CORPORATION SERVICE COMPANY
300 South Spring Street, Ste 900
Little Rock, AR 72201

Via Certified Mail
Return Receipt Requested
No. 7008 1140 0003 7604 4689

GGNSC of SOUTHAVEN, LLC
c/o Registered Agent
CORPORATION SERVICE COMPANY
506 South President Street
Jackson, MS 39201

Via Certified Mail
Return Receipt Requested
No. 7008 1140 0003 7604 4672

Re: Notice of Intent to Sue, Miss. Code Ann. § 15-1-36(15)
Patient: Lexie M. Myers

Dear Registered Agents:

I am an attorney representing Lexie M. Myers. I am the authorized agent of Ms. Myers. Through me, Ms. Myers is asserting a claim for medical malpractice, negligence, gross negligence, and breach of contractual duties against GGNSC Holdings, LLC and GGNSC of Southaven, LLC. This is your Notice pursuant to statute of my intent to file a lawsuit on her behalf.

Ms. Myers has a claim against GGNSC Holdings, LLC and GGNSC of Southaven, LLC, for nursing negligence for failing to follow doctor's orders for transtelephonic pacemaker monitoring between January 23, 2007 and January 10, 2008. As a direct result of said negligence, Ms. Myers's pacemaker battery was not replaced in a timely fashion and the battery died, causing Ms. Myers to experience shortness of breath, dry cough, wheezing, and lethargy. She required admission into an Intensive care Unit. Upon examination, she was found to be bradycardic and to also have developed a urinary tract infection.

Exh. 1a

Law Office of William R. Bruce
Letter to GGNSC Holdings, LLC and
GGNSC of Southaven, LLC
Re: Notice of Intent to Sue
September 21, 2010
Page 2

    As a result of the actions and/or failure to act of GGNSC Holdings, LLC and GGNSC of Southaven, LLC, by and through its directors, officers, agents, and employees, Ms. Myers sustained physical injuries to her brain and central nervous system, and urinary system; she endured pain, agony and suffering; she has and will experience a diminished enjoyment and quality of life; and she incurred medical expenses in the past and in the future. Please be further advised that Ms. Myers will seek punitive damages in addition to compensatory damages.

    Please forward this Notice to your liability carrier and have them contact me.

    If you have any questions or comments, please do not hesitate to call.

                                  Very truly yours,

                                  William R. Bruce

WRB

cc:    Barry Luca and Lexie Myers
       L. Bradley Dillard

Exh. 1

## U.S. Postal Service CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7008 1140 0003 7604 4672

JACKSON, MS 39201

| | |
|---|---|
| Postage | $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.54 |

Postmark: SEP 20 2010 — 09/21/2010

Sent To: GGNSC of Southaven, LLC c/o Corp. Svc. Co.
Street, Apt. No., or PO Box No.: 506 South President Street
City, State, ZIP+4: Jackson MS 39201

PS Form 3800, August 2006

---

## U.S. Postal Service CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7008 1140 0003 7604 4685

LITTLE ROCK, AR 72201

| | |
|---|---|
| Postage | $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.54 |

Postmark: SEP 20 2010 — 09/21/2010

Sent To: GGNSC Holdings LLC c/o Corp. Svc. Co.
Street, Apt. No., or PO Box No.: 300 South Spring Street, Ste 900
City, State, ZIP+4: Little Rock, AR 72201

PS Form 3800, August 2006

---

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GGNSC of Southaven, LLC
c/o Corp. Svc. Company
506 South President St.
Jackson, MS 39201

### COMPLETE THIS SECTION ON DELIVERY

A. Signature: [signature] — ☐ Agent ☐ Addressee
B. Received by (Printed Name): [illegible]
C. Date of Delivery: 9-23-10
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7008 1140 0003 7604 4672

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

### SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GGNSC Holdings, LLC
c/o Corp. Svc. Company
300 South Spring St., Ste 900
Little Rock, AR 72201

### COMPLETE THIS SECTION ON DELIVERY

A. Signature: [signature] — ☐ Agent ☐ Addressee
B. Received by (Printed Name): Robert J Perit
C. Date of Delivery: 4/27
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7008 1140 0003 7604 4685

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

Exh. 2

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

LEXIE M. MYERS              Plaintiff

VS.              No. CV_____

GGNSC HOLDINGS, LLC,
GGNSC OF SOUTHAVEN, LLC
d/b/a GOLDEN LIVINGCENTER-SOUTHAVEN,              Defendants

## CERTIFICATE OF CONSULTATION

COMES NOW William R. Bruce, attorney for the Plaintiff herein, and states to the Court as follows:

1. I have reviewed the facts of the case and have consulted with at least one expert qualified pursuant to Mississippi Rules of Civil Procedure and the Mississippi Rules out Evidence who is qualified to give expert testimony as to the standard of care or negligence.

2. I reasonably believe that the expert with whom I have consulted is knowledgeable in the relevant issues involved in this particular action.

3. I have concluded on the basis of my review and consultation that there is a reasonable basis for the commencement of this action.

Respectfully submitted,

_____
William R. Bruce (MS #10463)
Attorney for Plaintiff Lexie M. Myers
707 Adams Avenue
Memphis, Tennessee 38105
(901) 525-8601

Exh. 3a

## Certificate of Service

I hereby certify that a copy of the foregoing document is attached to and is being served with the Complaint in this action and that a courtesy copy has been served upon:

L. Bradley Dillard
Mitchell, McNutt & Sams
105 South Front Street
P. O. Box 7120
Tupelo, MS 38802-7120

by hand delivery or by mailing the same, via United States mail, postage prepaid, on this the 16th day of May, 2011.

_____
William R. Bruce

Exh. 3b

Law Office of William R. Bruce
707 Adams Avenue
Memphis, TN 38105

GGNSC HOLDINGS, LLC
c/o Registered Agent, Corporation Service Company
300 South Spring Street, Ste 900
Little Rock, Arkansas 72201